### Charles J. Helm *v.* P. B. Spence, et al.

[Abstract Kentucky Law Reporter, Vol 1—56, as *Helen v. Spencer*.]

**Distress Warrant.**

    Where the rent distrained for was for the use of the wife's property, such rent could not be subjected to her husband's debt.

**Evidence.**

    When it does not appear that a married woman's title to real estate is evidenced by any writing it is not error to permit her husband to testify that the property belonged to his wife. Where the title to real estate is not in issue it is competent to prove it by parol.

APPEAL FROM CAMPBELL CIRCUIT COURT.

May 27, 1880.

Opinion by Judge Cofer:

Spence and wife were both parties to the distress warrant. The rent distrained for was for the use of her property, and could not be subjected to her husband's debt. Sec. 2, Art. 2, Chap. 52, Gen. Stat. It does not appear that Mrs. Spence's title is evidenced by any writing, and it was not error to allow her husband to state that the property belonged to her. The title to the property was not involved in the issue; it arose incidentally, and it was competent to prove it by parol.

Nor was there any error in refusing to allow Bodley to state what Mrs. Spence said about the rent, and if there was it does not appear what the witness was expected to answer, therefore it does not appear that the refusal to allow her to answer was prejudicial to the appellant.

The evidence as to whether there was an agreement to reduce the rent to $20, or whether it was to remain at $25 after the five months, was conflicting, and the court having decided that there was no agreement to reduce it to $20 we cannot reverse on that point. That there was no evidence conducing to prove that it was fixed at $22.50 is not material. The court found that there was no agreement to

reduce it to $20, and that judgment was rendered for $22.50 instead of $25 was prejudicial to the appellee, and not to the appellant.

Judgment *affirmed*.